UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PABLO ARPI,

                             Petitioner,

          v.

MICHAEL CAPRA,

                           Respondent.

No. 18-CV-9001 (KMK)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, United States District Judge:

Petitioner Pablo Arpi ("Petitioner") was convicted in Westchester County Court of one count of Course of Sexual Conduct against a Child in the First Degree, in violation of N.Y. Penal Law § 130.75(1)(a), and two counts of Endangering the Welfare of a Child, in violation of N.Y. Penal Law § 260.10(1). (*See* Def.'s Mem. in Opp'n ("Opp'n") Ex. 1 (Dkt. No. 14-1); Aff. of Lisa M. Denig, Esq. ("Denig Aff.") 19 (Dkt. No. 13).)[1] In the state court proceedings, Petitioner was sentenced to a determinate term of imprisonment of 15 years followed by a 10-year term of post-release supervision on his conviction for Course of Sexual Conduct against a Child in the First Degree. (Denig Aff. at 19.) He was sentenced to two concurrent definite sentences of one year, one sentence for each conviction of endangering the welfare of a child. (*Id.*)

Following a direct appeal, the Second Department affirmed Petitioner's conviction on May 31, 2017. *People v. Arpi*, 52 N.Y.S.3d 881 (App. Div. 2017), *leave to appeal denied*, 86 N.E.3d 564 (N.Y. 2017). On August 29, 2024, Petitioner, proceeding pro se, filed the instant Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, collaterally challenging his state court convictions. (*See* Pet. (Dkt. No. 1).) He asserted several purported errors, namely

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page in cites from the record.

that his counsel did not prepare a defense and erred by failing to consult with a medical expert to counter certain medical testimony presented by the prosecution, that counsel failed to argue that certain evidence was inadmissible, and that his counsel should have withdrawn from his case due to personal circumstances that purportedly interfered with his defense.  (Pet. ¶ 12; Aff. of Pablo Arpi ("Arpi Aff.") (Dkt. No. 20).)[2]  On November 20, 2018, Petitioner was granted leave to proceed in forma pauperis, (Dkt. No. 8 (Order Granting IFP Application)), and the Petition was reassigned to this Court on November 21, 2018, (*see* Dkt. (minute entry for November 21, 2018)).

On November 27, 2018, the Court referred this Petition to a Magistrate Judge for Habeas Corpus.  (Dkt. No. 11 (Order Referring Case to Magistrate Judge).)  The case was reassigned to the Honorable Andrew E. Krause ("Judge Krause").  (*See* Dkt. (minute entry for October 16, 2020).)  On December 30, 2025, Judge Krause issued a Report and Recommendation ("R&R") recommending that this Court deny the Petition in its entirety.  (Report & Recommendation ("R&R") (Dkt. No. 26).)  Petitioner has not filed any objections to the R&R.[3]  (*See generally* Dkt.)

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error.  *See Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010); *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008).  The Court has reviewed the R&R and the Petition, and finding no substantive error, clear or otherwise, adopts the R&R.

---

[2] Some of these asserted errors were raised in Petitioner's state court appeal.  *See Arpi*, 52 N.Y.S.3d at 882 (determining that Petitioner was not deprived of effective assistance of counsel).

[3] Judge Krause provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 8(b) of the Rules Governing Section 2254 cases, objections to the R&R were due within fourteen days from the receipt of the R&R, or seventeen days from the receipt of the same if the R&R was served upon the parties by mail, and that the failure to object would constitute a waiver of Petitioner's right to appeal.  (R&R 26–27.)

Accordingly, it is hereby

ORDERED that the Report and Recommendation, dated December 30, 2025, is ADOPTED in its entirety.

ORDERED that Petitioner's writ of habeas corpus is DISMISSED.

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith.  It is further

ORDERED that the Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:   January 23, 2026
         White Plains, New York

KENNETH M. KARAS
United States District Judge